IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-00085-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

SIMON SANDOVAL-DE LAO,

       Defendant.

_____

**UNOPPOSED MOTION FOR AN EXCLUSION OF AN ADDITIONAL
60 DAYS FROM THE SPEEDY TRIAL ACT AND FOR EXTENSION
OF TIME TO FILE PRETRIAL MOTIONS**
_____

Defendant Simon Sandoval-De Lao ("Mr. Sandoval-De Lao"), by and through undersigned counsel ("counsel"), Assistant Federal Public Defender, Matthew C. Golla, respectfully moves this Court for an order excluding an additional 60 days from the speedy trial computations, and extending by 45 days the time for expert witness disclosures and filing pretrial motions.  In support of this motion, Mr. Sandoval-De Lao states as follows:

      1.    A Grand Jury has charged Mr. Sandoval-De Lao with one count of illegal reentry in the United States in violation of 8 U.S.C. § 1326(a) and (b)(1).  He appeared for an arraignment on March 13, 2020, and entered a plea of not guilty. A jury trial is currently scheduled for May 18, 2020, at 8:30 a.m., with pretrial motions due by March 30, 2020.

      2.    18 U.S.C. § 3161(h)(7)(A) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(B)(i) provides that a factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Mr. Sandoval-De Lao submits that this case meets this criteria and respectfully requests that the Court exclude 60 days from the Speedy Trial calculations.

In *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007), the Circuit observed that although "the trial court must make explicit findings regarding why granting the continuance will strike a proper balance between the ends of justice and the best interest of the public and the defendant in a speedy trial," it "need not articulate facts which are obvious and set forth in the motion for the continuance itself." (internal citations omitted) (quoting *United States v. Lattany*, 982 F.2d 866, 879 (3d Cir.1992)).

In *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir 1987), the Circuit outlined certain factors to consider when weighing whether a denial of a continuance is arbitrary or unreasonable.  These factors include the following:

    A.    <u>The diligence of the party requesting the continuance</u>

    1.    Counsel has received discovery in this matter, but has been unable to review it with Mr. Sandoval-De Lao.  As of the date of this motion, Colorado and the nation

are in states of public health emergency due to the COVID-19 virus.[1] The Centers of Disease Control and Prevention (CDC) and other health authorities have advised people to take precautions to reduce the exposure to COVID-19 and to slow the spread of the disease. An important part of the CDC recommendation is social distancing: keeping an appropriate physical distance between people, and particularly in public settings.[2]  Due to restrictions largely based on these recommendations, undersigned counsel cannot currently visit Mr. Sandoval-De Lao in person at the Federal Detention Center and is limited to some phone contact.

2.      Consequently, under current circumstances undersigned counsel does not have the ability to meet with Mr. Sandoval-De Lao to review the discovery, discuss any possible defenses, and advise on how best to proceed.  For the next several weeks at least, in-person jail visits have been cancelled in order to try to prevent the introduction and/or spread of the COVID-19 virus into the jail facility.

3.      As such, currently, undersigned counsel is unable to meet with Mr. Sandoval-De Lao; (1) to review and discuss discovery; (2) determine what additional investigation would need to be performed; (3) effectively advise Mr. Sandoval-De Lao as to whether it is in his best interest to proceed to trial; and (4) effectively prepare for trial itself.

4.      Another factor supporting an extension of time under the Speedy Trial Act is counsel's current schedule.  Counsel currently has cases in both Grand Junction and

---

[1] *See Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/ (Mar. 13, 2020).
[2] *See generally* Centers for Disease Control and Prevention, *Coronavirus (COVID-19)*, https://www.cdc.gov/coronavirus/2019-ncov/index.html (updated frequently); California Dep't of Public Health, https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx (updated daily); *see also* Office of Governor, Executive Order N-25-20 (Mar. 12, 2020).

Durango, Colorado that will necessitate frequent travel once the current Covid-19 restrictions are lifted.

> B. The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance

A continuance of the trial in this matter would allow adequate time for counsel to accomplish the purposes set forth above as the need for the continuance. Mr. Sandoval-De Lao requests a continuance so that the defense will have sufficient time to investigate the case, research the legal issues surrounding the case, file any necessary pretrial motions, and properly defend against the allegations.

> C. The inconvenience to the opposing party, its witnesses, and the court resulting from the continuance:

There is no information to suggest that the government or its witnesses would be inconvenienced by this requested continuance. As set forth above, the government does not oppose this motion. Counsel is not aware of any inconvenience that will result to this Honorable Court as a result of this requested continuance, but Counsel respectfully cannot presume in any given instance that the Court would or would not be inconvenienced by this request. Counsel does not intend inconvenience to this Court and knows of no particular aspect of this request, which would cause such a problem.

> D. The need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance:

The need for the continuance is great. Without such a continuance, counsel for the defendant would be denied "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Counsel cannot, within the 70-day speedy trial time clock, prepare for trial.

Until all the discovery is reviewed, and counsel has had an opportunity to meet with Mr. Sandoval-De Lao, in person, counsel cannot effectively defend against the pending charges. The harm that would result by this Court's denial of the request for a continuance would be great as it would deprive the defendant of adequate and competent counsel. Without the requested continuance, the defense will be unable to prepare a defense in this case and counsel will not be able to provide effective assistance of counsel.

Under the factors set forth in *West*, *supra*, as well as the teachings of *Williams, supra, United States v. Toombs*, 475 F.3d 1262, 1268 (10th Cir. 2009), and *United States v. Medrano*, 2009 WL 45547801 *4-7 (08-1273)(10th Cir. December 7, 2009), even exercising due diligence undersigned counsel could not be prepared for trial within the time limits of the Speedy Trial Act.

3. Because it would be unreasonable to expect adequate preparation for pretrial proceedings or the trial itself without the normal speedy trial limits, the Defendant respectfully requests that this Court vacate all current trial dates and allow a significant additional period of time to prepare this case for trial. As a result, the defense respectfully requests that the Court exclude 60 days from the Speedy Trial limits.

4. Undersigned counsel has contacted Assistant U.S. Attorney Dorothy DiPascali and she does not oppose this motion.

/ / /

WHEREFORE, Mr. Sandoval-De Lao respectfully moves this Court for an order excluding 60 days from the speedy trial computations, and extending by 45 days the time for filing pretrial motions.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender, Interim


s/ Matthew C. Golla
Matthew C. Golla
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Matt_golla@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on March 30, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Dorothy DiPascali, Assistant United States Attorney
    Email: Dorothy.dipascali@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Simon Sandoval-De Lao    (via Mail)


                                       s/ Matthew Golla
                                       Matthew C. Golla
                                       Assistant Federal Public Defender
                                       633 17th Street, Suite 1000
                                       Denver, CO  80202
                                       Telephone:  (303) 294-7002
                                       FAX:  (303) 294-1192
                                       Matthew_Golla@fd.org
                                       Attorney for Defendant